## No. 3780.
### Court of Appeal, Parish of Orleans.

## HACKENJOS PIANO MANUFACTURING CO., LTD., vs. FRANK BOHANON AND JOSEPH OPPENHEIMER. .

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "E."

R. J. Maloney, for Plaintiff and Appellee.

P. L. Fourchy, for Defendant and Appellant.

MOORE, J. On the 11th of March, 1904, the plaintiff company leased to one Frank Bohanon a certain Willard piano, bearing the No. 48455.

Under the terms of the lease the instrument was not to be removed from Bohanon's residence, which was then on General Taylor street, without the written consent of the owner. Within a month after this date the piano was found in the possession of a second hand furniture dealer in another part of the City, by the name of Joseph Oppenheimer, who claims that he had bought the piano of Bohanon.

When the piano was discovered in Oppenheimer's possession he was informed by the agent and representative of the plaintiff that the piano was its property, whereupon Oppenheimer hastened to sell it to one J. P. Domenick, who purchased of Oppenheimer, in good faith. Charging Bohanon and Oppenheimer with deliberately conspiring to defraud plaintiff of its property, plaintiff sued for its value and judgment therefor was prayed against both *in solido*.

The trial Judge, in awarding judgment against Bohanon and Oppenheimer had this to say.

"The identity of the piano sold by Joseph Oppenheimer to J. P. Domenick with that leased by plaintiff to Frank Bohanon has been fully established, and the evidence is strongly suggestive of a conspiracy between the defendants to defraud plaintiff of the value thereof. But it matters not whether Oppenheimer did or did not have knowledge, when he got the piano from Bohanon,

that it was plaintiff's property. He knew that it did not belong to Bohanon, and took it at his risk and peril. When the true owner traced the piano to his possession and laid claim to it, he should have returned it. Having failed to do so, and having, with full notice, disposed of it to an innocent party, he is bound to indemnity plaintiff to the extent of its value. That is proved to have been two hundred and twenty-five dollars.

"Judgment for plaintiff and against defendants in solido for two hundred and twenty-five dollars, with legal interest from judicial demand till paid, and costs."

The Judgment is affirmed.